UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 20 CR 812 |
| | ) | |
| MICHAEL McCLAIN, et al. | ) | Honorable Harry D. Leinenweber |
| | ) | |

**REPLY IN SUPPORT OF DEFENDANTS'**
**JOINT MOTION FOR A BILL OF PARTICULARS**

The information that Defendants need, no amount of discovery can provide: which of ComEd's thousands of employees or appointees *the government believes* Defendants wrongfully hired; which of the millions of company records *the government believes* Defendants falsified and the portions that were false; and which legislation out of hundreds of potential pieces of legislation *the government believes* was the wrongful object of an alleged bribery scheme. Yet, rather than sharing this information with Defendants—*which it knows*—the government responds that it is enough to have provided *some* information. But providing a partial answer and telling Defendants to go hunting through more than a million of pages of discovery and hours of recordings is insufficient. Without knowing what the government will argue at trial is part of the crime, Defendants cannot meaningfully prepare a defense nor avoid prejudicial surprise at trial. Defendants ask only that the government reveal which hires, documents, and legislation they will allege at trial are part of the crime.

**ARGUMENT**

**I.     Defendants Are Entitled to the Information the Government Is Withholding**

To be legally sufficient, an indictment "must provide adequate notice of the nature of the charges so that the accused may prepare a defense." *United States v. Fassnacht*, 332 F.3d 440,

444–45 (7th Cir. 2003). Therefore the "key question" for deciding whether to grant a bill of particulars is whether "the defendant[s] [have been] sufficiently apprised of the charges against [them] in order to enable adequate trial preparation." *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008). "The defense should not be left to its own devices and a sifting of the voluminous materials that have been provided in order to divine the particulars of these critical allegations." *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001).

Here, the government has alleged that Defendants violated and conspired to violate 18 U.S.C. § 666 by corruptly providing certain contracts and monetary payments to affiliates of Public Official A to influence and reward him in connection with the business or transactions of the State of Illinois.[1] Yet despite alleging a complex, eight-year conspiracy, the government has refused to provide a complete list of either the hires and appointments or the legislation involved. Similarly, the government has alleged that Defendants "created and caused the creation of false contracts, invoices and other books and records" and "knowingly and willingly falsified and caused to be falsified certain ComEd and Exelon books, records, accounts . . . in connection with" JDDA's contracts in 2017, 2018, and 2019, but it failed to identify each of the allegedly false documents.[2] Instead, the government contends that because it has provided *some* information, it is relieved of its burden. But no matter how much detail the government provides about the hires and documents it has identified,[3] it cannot leave Defendants completely in the dark about the other transactions that form the basis of its case. Avoiding such an unfair and unjust result requires only that the government provide Defendants with the remainder of this information, which it already knows.

---

[1] Indictment at 12-13 ¶ 3; 43 ¶ 2; 46 ¶ 2; 47 ¶ 2; 49 ¶ 2.
[2] *Id*. at 13; 44 ¶¶ 1–2; 45 ¶¶ 1–2; 48 ¶¶ 1–2; 50 ¶¶ 1–2.
[3] Defendants have not argued that this information is insufficient.

a. **Allegedly Unlawful Hires**[4]

The government argues that because it has identified certain "examples" of allegedly unlawful hires or appointments in the indictment and provided Defendants with "voluminous discovery," that it has provided enough.[5] But this argument misses the point. As long as the government continues to claim that the list of examples it gave Defendants "was not meant to be exhaustive," Defendants cannot rely on only those identifications in developing their defense.[6] Instead, they must consider as possible additions—and therefore fully investigate and prepare to defend—each and every single other hire or appointment at the 6,000+ employee company for an eight-year period against the potential allegation that such decision was made with the intent to influence Public Official A.

b. **Allegedly Falsified Documents**

Likewise, the government's contention that its identification of examples of certain false statements and documents, certain date ranges for an unknown number of additional (unidentified) allegedly falsified documents, and certain non-exclusive document categories that the allegedly falsified documents might or might not be part of is likewise unavailing.[7] *See Vasquez-Ruiz*, 136 F. Supp. 2d at 944 ("There is no good reason to require the defendant to engage in guesswork to determine . . . what bills the government will claim were false."). Here again, the government has asserted that any lists it provided to Defendants were "nonexhaustive" and any document categories "not limited," and it reserved its right to "introduce other records,

---

[4] The government's contention that it should not be required to produce "a list of every hiring request made by McClain on behalf of Public Official A" mischaracterizes Defendants' request. (*See* Dkt. 75, Gov't's Consol. Resp. ("Resp.") at 10.) Defendants asked for a list of the hires or appointments that the government believes were unlawful, which is information only the government could—and does—know.
[5] Resp. at 7-9.
[6] Dkt. 59, Ex. B to Defs.' Memo. Bill of Particulars at 1.
[7] *Id*. at 11–13; Ex. B. at 2.

3

recordings, or other evidence not specifically listed."[8] Accordingly, Defendants have no way to know how many and which specific documents or specific bookkeeping entries in the records of a multi-billion-dollar company *the government believes* to be falsified. Nor, even if they could identify all of the documents or records *the government believes* falsified, do Defendants have any way to know which specific statements in those documents *the government believes* to be false.[9]

### c. Official Business Defendants Allegedly Sought to Influence

As for the aim of the alleged scheme, the government nowhere—between the indictment, the August 2, 2021 letter, and the government response to this motion—identifies the legislation that is the object of the alleged bribery. To the contrary, it suggests that it "may proceed on a stream of benefits theory."[10] To the extent the government's failure to allege a direct linkage is a concession that no *quid pro quo* existed, Defendants accept that concession and request that the government so state in writing.[11] However, because the government has not committed to only using a stream of benefits theory—and therefore has left open the possibility of proceeding with a *quid pro quo* theory—Defendants need to know the *quo* the government has in mind in order to adequately prepare a defense and avoid prejudicial surprise.

### II. No Quantity of Discovery Can Substitute for a Bill of Particulars Here

Importantly, no amount of government discovery can satisfy this need for a bill of particulars, because the parties do not disagree that certain individuals and entities were hired or

---

[8] Ex. B at 2.
[9] For the first time, the government appears to limit the scope of its false-statement allegations to only "the falsification of documents related to four consultants hired by ComEd at McClain's request." (Resp. at 13.) This limitation does not appear in the indictment. (*See* Indictment at 12–13 ¶ 3 (alleging a conspiracy to create and cause the creation of "false contracts, invoices and other books and records to disguise the true nature of certain of the payments" made to "various associates of Public Official A," without limitation to the four subcontractors).)
[10] Resp. at 14.
[11] For argument on why a *quid pro quo* is an essential element of any 18 U.S.C. § 666 charge, *see* Defendants' Motion to Dismiss. (Dkt. 46 at 20–28).

appointed by ComEd. Rather, the parties disagree about the motives that animated those decisions. Therefore *only* the government is equipped to know which actions *the government believes* were wrongfully motivated and unlawful under 18 U.S.C. § 666. Documents do not—and cannot—answer that question. *See Vasquez-Ruiz*, 136 F. Supp. 2d at 943 (rejecting government's argument that discovery was an adequate substitute for identifying which claims out of a collection of medical claims the government believed were fraudulent); *United States v. Savin*, Case No. 00 CR 45, 2001 WL 243533, at *3 (S.D.N.Y. Mar. 7, 2001) (ordering bill of particulars where absent further information "[Defendants] will be forced to climb through this veritable mountain of documents and to attempt to *guess* which of the numerous transaction documented therein, and conducted over a six-year period, are alleged by the government to have been improper.") (emphasis added); Order on Defendant's Remaining Pretrial Motions, *United States v. Acevedo*, Case No. 21-CR-00134 (N.D. Ill. Oct. 18, 2021), ECF No. 41 at 3 (recognizing that "provision of discovery does not cure" vague allegations of certain "acts of evasion" when "there is no indication that the discovery identifies the particular ways in which" a defendant engaged in such acts).

Moreover, the government's implication that Defendants will be able to find their answers in the discovery because ultimately they "know" which acts the government believes unlawful cannot be reconciled with the justice system's creed of innocence before proven guilt.[12] As far as the Defendants are concerned, none of their acts had unlawful motives.

## CONCLUSION

For the reasons set forth above and in the Motion, Defendants respectfully request that this Court issue an order directing the government to file a bill of particulars identifying (1) each

---

[12] Resp. at 10.

individual that the government contends was hired in violation of 18 U.S.C. § 666; (2) each document that the government alleges a Defendant falsified as part of the conspiracy alleged in Count One and in violation of 15 U.S.C. §§ 78m(b)(5) and 78ff(a) in Counts Three, Four, Seven, and Nine of the indictment, and specifically the allegedly false statements within each such document and the counts with which each such statement corresponds; and (3) all business, transactions, or series of transactions that the government believes were the object of Defendants' alleged intent to corruptly influence or reward Public Official A.

DATED: December 21, 2021  Respectfully submitted,

*/s/ Patrick J. Cotter*  */s/ Scott R. Lassar*
Patrick J. Cotter  Scott R. Lassar
GREENSFELDER, HEMKER & GALE, P.C.  Daniel C. Craig
200 West Madison Street, Suite 3300  Jennifer M. Wheeler
Chicago, IL 60606  SIDLEY AUSTIN LLP
Telephone: (312) 345-5088  One South Dearborn
pcotter@greensfelder.com  Chicago, IL 60603
   Telephone: (312) 853-7000
David P. Niemeier  Facsimile: (312) 853-7036
GREENSFELDER, HEMKER & GALE, P.C.  slassar@sidley.com
10 South Broadway, Suite 2000  dcraig@sidley.com
St. Louis, MO 63102  jwheeler@sidley.com
Telephone: (314) 241-9090
dpn@greensfelder.com  *Attorneys for Defendant Anne Pramaggiore*

*Attorneys for Defendant Michael McClain*


*/s/ Michael D. Monico*  */s/ Gabrielle R. Sansonetti*
Michael D. Monico  Gabrielle R. Sansonetti
Barry A. Spevack  LAW OFFICE OF GABRIELLE R.
Jacqueline S. Jacobson  SANSONETTI
Ryan W. Mitsos  53 West Jackson Blvd., Suite 1062
MONICO & SPEVACK  Chicago, Illinois 60604
53 West Jackson Blvd., Suite 1315  Telephone: (312) 588-1281
Chicago, IL 60604  Direct: (773) 716-6117
Telephone: (312) 782-8500  Facsimile: (773) 277-7334
mm@monicolaw.com  gabrielle@Sansonetti-law.com
bspevack@monicolaw.com
jjacobson@monicolaw.com  Michael P. Gillespie
rmitsos@monicolaw.com  GILLESPIE AND GILLESPIE
   53 West Jackson Blvd., Suite 1062
*Attorneys for Defendant John Hooker*  Chicago, IL 60604
   Telephone: (312) 588-1281
   michael@gillespieandgillespielaw.com

   *Attorneys for Defendant Jay Doherty*

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on this December 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                              */s/ Scott R. Lassar*
                                              SIDLEY AUSTIN LLP
                                              One South Dearborn Street
                                              Chicago, IL 60603
                                              (312) 853-7000