UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 20 CR 812 |
| vs. | ) ) | Honorable Harry D. Leinenweber |
| MICHAEL McCLAIN, ANNE PRAMAGGIORE, JOHN HOOKER, AND JAY DOHERTY, | ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STRIKE SURPLUSAGE**

This Reply Brief is filed on behalf of Defendants Michael McClain, Anne Pramaggiore, John Hooker, and Jay Doherty (collectively "Defendants") in support of their Joint Motion to Strike Surplusage from the Indictment.

**ARGUMENT**

**I.     Defendants' Motion Seeks Only to Strike References in the Indictment to the Passage of Specifically Named Legislation.**

In its Response, the Government does not respond directly to the specific relief requested by Defendants in their Motion. Instead, the Government erects, and then attacks, a straw man argument that Defendants did not make.

To be clear, Defendants' request is very limited and specific.

Defendants request that this Court "strike the references to the passage of the three pieces of legislation identified in Paragraphs 1.o, 1.p. and 1.q of Count One of the Indictment." (Doc. # 63 at 6.) Again, the emphasis is on the *passage* of these laws. Defendants argue that the "references to the passage of these pieces of legislation are clearly not relevant to the actual

allegations in the Indictment and are unfairly prejudicial." (*Id.* at 3.) Rather than addressing this argument, the Government inaccurately describes Defendants' Motion as a request to "strike references to legislation beneficial to Commonwealth Edison Company ('ComEd') from the indictment." (Doc. # 75 at 5.) This is not true, as the above quotes from Defendants' opening brief make plain. (*See also* Doc. # 63 at 1, 3, 5, 6.) Defendants are not seeking to preclude general "references to legislation." Defendants seek only to strike references to "the passage" of these identified pieces of legislation. Defendants ask this Court to use a scalpel to the Indictment, not a meat cleaver, as the Government wrongly suggests.

Having mischaracterized Defendants' requested relief, the Government proceeds to respond to an argument that Defendants did not make. Throughout its Response, the Government needlessly and repeatedly argues that the fact that ComEd supported three pieces of legislation during the time period of 2011-2019 is relevant to the allegations in the Indictment as the supposed motive of Defendants to provide favors to Public Official A. (Doc. # 75 at 5 ("The descriptions of ComEd's interest in this legislation provides important context that will help the jury understand defendants' motivations."); *id.* at 190-20 ("Without the description of legislation important to ComEd's interests, the jury would be left without important context that explains defendants' purpose in hiring Public Official A's associates.").) Because Defendants do not contend otherwise, this "argument" is one that the Government is having with itself. As a result, the Government's arguments are, for the most part, both immaterial and non-responsive. To be clear, Defendants do not object to the Indictment including a reference to the existence, name, time frame, and basic subject matter of the three pieces of legislation in question. (*See* Doc. # 63 at 6-7 (providing Defendants' suggested redactions of the relevant paragraphs, removing ***only*** references to the passage of said legislation).)

## II. References to the Passage of these Three Pieces of Legislation Are Clearly Irrelevant and Unfairly Prejudicial.

As extensively discussed in Defendants' opening brief, the reason for our objection to references of the "passage" of these pieces of legislation in the Indictment is the fact that their enactment is neither factually alleged nor legally relevant to the Indictment as voted upon and returned by the Grand Jury.

The Government admits that the passage of this legislation is irrelevant.

In its Response, the Government not only concedes that it cannot establish any causal relationship between any actions alleged against Defendants and the passage of these pieces of legislation, but it also vigorously declares that it is not legally required to do so. The Government asserts that "none of the charged offenses requires proof that defendants succeeded in obtaining the enactment of favorable legislation," that "Section 666 also does not require any casual connection between a bribe and the passage of legislation," and that none "of the charged offenses requires proof that defendants succeeded in obtaining the enactment of favorable legislation through their bribery scheme, or their favorable legislation was an acted solely as a result of the defendants bribes." (Doc. # 75 at 22.) These assertions make clear that the Government has neither alleged nor will seek to prove (and therefore, presumably has no evidence) that Defendants' actions caused the legislation in question to be enacted. Again, the Government does not allege that Public Official A unduly pressured or improperly influenced members of the General Assembly to win their support for this legislation.

The precise language in the Indictment to which the Defendants object is the factually unfounded and legally irrelevant inference that there is a "causal connection" between Defendants' actions and the actual passage of the pieces of legislation by the General Assembly. Including repeated and explicit references to the enactment of this legislation invites, nay, begs, the jury to

3

draw the unsupported and unalleged conclusion that Defendants did things and caused harms that the Grand Jury did not find they did.

That is, we submit, a good definition of prejudicial surplusage.

In any event, without a legal or factual rationale, it would be improper and exceedingly prejudicial to Defendants for the Government to nonetheless insert legally irrelevant and factually unsupported allegations in the Indictment. That prejudice is made all the more severe in this case given the fact that any reader of this Indictment, including the trial jury, could be easily forgiven for concluding, after reading this section of the Indictment, that Defendants' actions somehow caused the passage of the three pieces of legislation in question. It is that wholly improper inference to which the Defendants object.

The Government's citation to previous cases where courts purportedly denied motions to strike surplusage are unavailing. For instance, the Government cites *United States v. Pulido*, 69 F.3d 192, 202 (7th Cir. 1995) for the proposition that Federal Rule of Evidence 403 is not meant to "sanitize" a defendants' criminal conduct or exclude relevant allegations, the absence of which will create "a chronological and conceptual void." (Doc. # 75 at 24.). But here, Defendants do not seek to "sanitize" any of their actual prior actions. Instead, Defendants seek to strike improper inferences that they did acts and caused harms that the Grand Jury never found and that the Government concedes that it neither alleges nor can prove. To the extent that the existence of such proposed legislation is relevant to suggest a possible motive for Defendants to act as alleged in the Indictment, the language that remains after redaction of the unfair innuendo regarding eventual enactment is wholly sufficient – and has the added virtue of being based upon actual evidence. Put plainly, the only "void" the Government seeks to fill in our case by inclusion of this prejudicial language is a void in its proof.

4

Defendants emphasize that the Grand Jury that returned this Indictment did not find, because it did not allege, that Defendants did anything to cause the passage of these three pieces of legislation. Because the Grand Jury did not include any such finding, it is all the more inappropriate and prejudicial to include such insinuations in the Indictment. The references to "passage" of this legislation, therefore, should be stricken.

## **CONCLUSION**

For the reasons set forth above and in Defendants' opening brief, this Court should strike as irrelevant and improperly prejudicial surplusage any and all references in the Indictment to the passage of the three pieces of legislation in question.[1]

DATED: December 21, 2021                                Respectfully submitted,

| | |
|---|---|
| /s/ Patrick J. Cotter | /s/ Scott R. Lassar |
| Patrick J. Cotter | Scott R. Lassar |
| GREENSFELDER, HEMKER & GALE, P.C. | Daniel C. Craig |
| 200 West Madison Street, Suite 3300 | Jennifer M. Wheeler |
| Chicago, IL 60606 | SIDLEY AUSTIN LLP |
| Telephone: (312) 345-5088 | One South Dearborn |
| pcotter@greensfelder.com | Chicago, IL 60603 |
| | Telephone: (312) 853-7000 |
| David P. Niemeier | slassar@sidley.com |
| GREENSFELDER, HEMKER & GALE, P.C. | dcraig@sidley.com |
| 10 South Broadway, Suite 2000 | jwheeler@sidley.com |
| St. Louis, MO 63102 | |
| Telephone: (314) 241-9090 | *Attorneys for Defendant Anne Pramaggiore* |
| dpn@greensfelder.com | |

*Attorneys for Defendant Michael McClain*

---

[1] Defendants respectfully refer the Court to the redlined suggested redactions of the objectionable Indictment language provided in our original Motion. (*See* Doc. # 63 at 6-7.)

5

| | |
|---|---|
| /s/ Michael D. Monico<br>Michael D. Monico<br>Barry A. Spevack<br>Jacqueline S. Jacobson<br>Ryan W. Mitsos<br>MONICO & SPEVACK<br>53 West Jackson Blvd., Suite 1315<br>Chicago, IL 60604<br>Telephone: (312) 782-8500<br>mm@monicolaw.com<br>bspevack@monicolaw.com<br>jjacobson@monicolaw.com<br>rmitsos@monicolaw.com<br><br>*Attorneys for Defendant John Hooker* | /s/ Gabrielle R. Sansonetti<br>Michael P. Gillespie<br>GILLESPIE AND GILLESPIE<br>53 West Jackson Blvd., Suite 1062<br>Chicago, IL 60604<br>Telephone: (312) 588-1281<br>michael@gillespieandgillespielaw.com<br><br>Gabrielle R. Sansonetti<br>LAW OFFICE OF GABRIELLE R. SANSONETTI<br>53 West Jackson Blvd., Suite 1062<br>Chicago, IL 60604<br>Telephone: (312) 588-1281<br>gabrielle@Sansonetti-law.com<br><br>*Attorneys for Defendant Jay Doherty* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Patrick J. Cotter