**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 20 CR 812 |
| | ) | |
| MICHAEL McCLAIN, et al. | ) | Honorable Harry D. Leinenweber |
| | ) | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**
**FOR THE ELEMENTS OF 18 U.S.C. § 666(a)(1)(B), (a)(2), AND (c)**

Pursuant to the Court's order on April 26, 2022 (Dkt. No. 90), Defendants, by and through undersigned counsel, propose the following jury instructions on the elements to be used at the trial of this matter.

I.   **Instructions on the Elements for Conspiracy to Violate 18 U.S.C. § 666(a)(1)(B)**

The indictment charges the defendants in Count One with conspiracy to commit the following offenses: soliciting a bribe in violation of 18 U.S.C. § 666(a)(1)(B); offering a bribe in violation of 18 U.S.C. § 666(a)(2); and, filing false records in violation of 15 U.S.C. § 78m(5).[1]

With respect to soliciting a bribe, the government must prove beyond a reasonable doubt the defendant you are considering knowingly agreed to violate 18 U.S.C. § 666(a)(1)(B), which includes the following five elements:

1.   That Public Official A was an agent of the Illinois state legislature.

2.   Public Official A solicited, demanded, accepted, or agreed to accept something of value from another person in connection with some official business, transaction, or series of transactions of the State of Illinois.

---

[1] Preceding the following instructions will be the conspiracy instructions, to be determined at a later date.

3.        Public Official A did so corruptly.  Corruptly refers to Public Official A's state of mind and indicates that he understands the thing of value to be a bribe.  A person acts corruptly when he or she exchanges an official act for a thing of value.  An "official act" is a decision or action on a specific matter or matters before a government official in his official capacity, involving a formal exercise of governmental power.  It is not a crime to give something to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future.

4.        This business, transaction, or series of transactions of the State of Illinois must involve something of value of $5,000 or more; and

5.        The State of Illinois, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other assistance.  The one-year period must begin no more than 12 months before the defendant solicited, demanded, accepted, or agreed to accept the thing(s) of value from another person and must end no more than 12 months afterward.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

II.      **Instructions on the Elements of 18 U.S.C. § 666(a)(2)**

Counts Two, Five, Six, and Eight of the indictment charge certain defendants with paying a bribe. In order for you to find a defendant guilty of any of these counts, the government must prove each of following five elements beyond a reasonable doubt.

The first element is that the defendant gave, offered, or agreed to give a thing of value to another person.

The second element is that the defendant did so corruptly. Corruptly refers to the defendant's state of mind and indicates that he understands the thing of value to be a bribe. A person acts corruptly when he or she exchanges a thing of value for an official act. An "official act" is a decision or action on a specific matter or matters before a government official in his official capacity, involving a formal exercise of governmental power. It is not a crime to give something to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future.

The third element is that the defendant did so with the intent to influence or reward an agent of the State of Illinois, namely, Public Official A, in connection with some official business, transaction, or series of transactions of the State of Illinois.

The fourth element is that this business, transaction, or series of transactions of the State of Illinois involved a thing of value of $5,000 or more.

The fifth and final element is that the State of Illinois, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance, or other assistance. The one-year period must begin no more than 12 months before the defendant gave, offered, or agreed to give a thing of value to another person, and must end no more than 12 months afterward.

III.     **Definition of a Thing of Value**

Bona fide salary, wages, fees, or other compensation paid, in the usual course of business, do not qualify as a thing of value given, offered, or agreed to be given by the defendant or solicited by Public Official A. "Bona fide" means real or actual.


DATED: May 16, 2022                                    Respectfully submitted,

/s/ *Patrick J. Cotter*                                    /s/ *Scott R. Lassar*
Patrick J. Cotter                                          Scott R. Lassar
GREENSFELDER, HEMKER & GALE, P.C.          Daniel C. Craig
200 West Madison Street, Suite 3300                Jennifer M. Wheeler
Chicago, IL 60606                                         Emily R. Woodring
Telephone: (312) 345-5088                            Joan Hayner
pcotter@greensfelder.com                             SIDLEY AUSTIN LLP
                                                                One South Dearborn
David P. Niemeier                                         Chicago, IL 60603
GREENSFELDER, HEMKER & GALE, P.C.          Telephone: (312) 853-7000
10 South Broadway, Suite 2000                       Facsimile: (312) 853-7036
St. Louis, MO 63102                                      slassar@sidley.com
Telephone: (314) 241-9090                            dcraig@sidley.com
dpn@greensfelder.com                                  jwheeler@sidley.com
                                                                ewoodring@sidley.com
*Attorneys for Defendant Michael McClain*          jhayner@sidley.com

                                                                *Attorneys for Defendant Anne Pramaggiore*

/s/ *Michael D. Monico*
Michael D. Monico
Barry A. Spevack
Jacqueline S. Jacobson
Ryan W. Mitsos
MONICO & SPEVACK
53 West Jackson Blvd., Suite 1315
Chicago, IL 60604
Telephone: (312) 782-8500
mm@monicolaw.com
bspevack@monicolaw.com
jjacobson@monicolaw.com
rmitsos@monicolaw.com

*Attorneys for Defendant John Hooker*

/s/ *Gabrielle R. Sansonetti*
Michael P. Gillespie
GILLESPIE AND GILLESPIE
53 West Jackson Blvd., Suite 1062
Chicago, IL 60604
Telephone: (312) 588-1281
michael@gillespieandgillespielaw.com

Gabrielle R. Sansonetti
LAW OFFICE OF GABRIELLE R.
SANSONETTI
53 West Jackson Blvd., Suite 1062
Chicago, Illinois 60604
Telephone: (312) 588-1281
Direct: (773) 716-6117
Facsimile: (773) 277-7334
gabrielle@Sansonetti-law.com

*Attorneys for Defendant Jay Doherty*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF.  I certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Scott R. Lassar*
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
