UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 20 CR 812 |
| | ) | Hon. | Harry D. Leinenweber |
| MICHAEL McCLAIN, | ) | | |
| ANNE PRAMAGGIORE, | ) | | |
| JOHN HOOKER, and | ) | | |
| JAY DOHERTY | ) | | |

**RESPONSE TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR.,
United States Attorney for the Northern District of Illinois, respectfully submits its
response to defendants' proposed jury instructions with respect to charges involving
18 U.S.C. § 666.

As discussed below, defendants' proposed instructions should be rejected for
numerous reasons, including because they would impose *quid pro quo* and official act
requirements on § 666, contrary to the statute's text, Circuit precedent, and this
Court's February 17, 2022, decision denying defendants' motions to dismiss (R. 83),
which defendants do not even cite. The Court held that: (1) the government need not
prove an official act to proceed under a gratuity theory under § 666 (*id*. at 8-9); and
(2) a *quid pro quo* is not an element of a § 666 violation (*id*. at 10-14). Nevertheless,
in support of their proposed instructions, the defendants once again incorrectly argue
that the government must prove a *quid pro quo* in exchange for a discrete official act

1

to prove a § 666 violation. The Court should decline to reconsider its earlier decision, and reject defendants' instructions.

Defendants' proposed conspiracy instruction related to § 666 should be rejected for additional reasons, including that it improperly treats the objects of the conspiracy as substantive offenses.

Defendants' proposed instruction on § 666(c) should also be rejected because it fails recognize that § 666(c) is an affirmative defense, and because it defines "bona fide" in a manner that is inconsistent with this Court's prior ruling.

## I.     Elements of § 666(a)(2)

### A.     Applicable Law

#### 1.     A *Quid Pro Quo* Is Not an Element of § 666.

Counts Two, Five, Six, and Eight of the indictment charge defendants with offering or agreeing to pay a bribe or gratuity in violation of 18 U.S.C. §§ 666(a)(2) and 2.

In support of their proposed instructions, defendants rehash the same arguments presented in their unsuccessful motion to dismiss, including that "the instructions should state . . . that a violation of 18 U.S.C. § 666 requires a *quid pro quo*." R. 94 at 3.[1] This Court rejected this argument and concluded "that a *quid pro quo* is not an essential element of the crimes set forth in § 666(a)(2)." R. 83 at 15. Specifically, the Court held:

> that the word "corruptly" cabins the scope of the law to
> illegal conduct but does not further limit the scope to

---

[1] The government incorporates its response to defendants' motions to dismiss. R. 54.

> bribery or to crimes involving *quid pro quo*. Relying on
> Seventh Circuit precedent, the Court finds that neither the
> plain text of the statute nor the explanation in the Senate
> Report [S. Rep. No. 98-225 (1983)] support Defendants'
> position, and the Court finds that a *quid pro quo* is not an
> essential element of the crimes set forth in § 666(a)(2).

R. 83 at 15.

The Court's ruling was based on well-settled circuit precedent declining to require a specific *quid pro quo* in § 666 cases. *Id.* (citing *United States v. Agostino*, 132 F.3d 1183, 1190 (7th Cir. 1997) ("We decline to import an additional, specific *quid pro quo* requirement into the elements of 666(a)(2)."); *United States v. Boender*, 649 F.3d 650 (7th Cir. 2011) ("Absent any reasons to reconsider our precedent—and indeed in light of the clear statutory text—we conclude that the government was not required to establish a specific *quid pro quo* of money in exchange for a legislative act.")).

As they did in their motion to dismiss, defendants rely on case law interpretating 18 U.S.C. § 201, rather than § 666. The Court properly distinguished the history, text, and structure of § 201 from § 666 and concluded "that the word 'corruptly' [in § 666] cabins the scope of the law to illegal conduct, but does not further limit the scope to bribery or to crimes involving *quid pro quo*." R. 83 at 15.

The Court should decline to reconsider its ruling, and reject the defendants' proposed instructions.

### 2. Section 666 Does Not Require That The Defendants Contemplate An Exchange For A Discrete Official Act.

In their memorandum, defendants also repeat their unsuccessful argument that § 666 requires proof that charged bribes were paid in exchange for an "official act," contrary to the Court's ruling on their motions to dismiss. Consistent with the overwhelming weight of authority, this Court correctly ruled that an official act is not required to prove a violation of § 666. *See* R. 83 at 8 (distinguishing *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398 (1999), and stating: "Unlike § 201, neither the words nor the definition of 'official act' are present in the language of the statute upon which Defendants have been indicted. Instead, § 666(a)(2) appears to rely on the word "corruptly" to differentiate between legal and illegal transfers of value between private individuals and officials. . . . .").

As this Court ruled, the government is not required to prove any specific "official act," as that term is defined in *McDonnell v. United States*, 136 S. Ct. 2355 (2016). Whereas *McDonnell* involved a prosecution for honest services fraud and extortion under color of official right, which require proof that charged bribes were paid in exchange for an "official act" of the bribed official (§ 1346), and that the bribed official was acting under "color of official right" (§ 1951), § 666 does not use the term "official act" or "official right." Instead, § 666 requires that the thing of value being given or offered be in connection with "any business [or] transaction" of the government entity. Consistent with the statute's text, every federal court of appeals

4

to address the issue has concluded that an official act is not required to find a defendant guilty of § 666.[2]

The Court should decline to reconsider this issue, and reject defendants' proposed instructions.

### B. The Court Should Reject Defendants' Proposed § 666(a)(2) Instruction and Use the Government's Proposal.

A point-by-point comparison of the parties' proposed § 666(a)(2) instructions follows.

#### i. Element 1

Defendants' Proposed Element 1:   The first element is that the defendant gave, offered, or agreed to give a thing of value to another person.

Government's Proposed Element 1:   That the defendant offered or agreed to give, or caused ComEd to offer, or agree to give, a thing of value to another person.

Pattern Instruction Element 1:[3]   That the defendant gave, offered, or agreed to give a thing of value to another person.

Although both the government and defense proposal for the first element of the offense largely mirror the Pattern Instruction, the Court should adopt the

---

[2] *See United States v. Roberson,* 998 F.3d 1237, 1247, 1251 (11th Cir. 2021) (holding, "[c]onsistent with the views of our sister Circuits," that *McDonnell's* "official act" requirement does not apply to § 666 and that a bribery conviction also does not require a "specific act"); *United States v. Ng Lap Seng*, 934 F.3d 110, 131-33 (2d Cir. 2019), *cert. denied,* 141 S. Ct. 161 (2020) (holding that § 666 is "more expansive" than § 201, so "the *McDonnell* standard" does not apply); *United States v. Porter*, 886 F.3d 562, 565 (6th Cir. 2018) (finding defendant's "reliance on *McDonnell* is misplaced," because "[i]n *McDonnell,* the Supreme Court limited the interpretation of the term "official act" as it appears in § 201, an entirely different statute than [§ 666]"); *United States v. Boyland*, 862 F.3d 279, 291 (2d Cir. 2017) (same); *United States v. Maggio,* 862 F.3d 642, 646 n.8 (8th Cir. 2017) ("*McDonnell* had nothing to do with § 666.").

[3] Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) ("Pattern Instructions").

government's proposal because it more accurately reflects the facts alleged in the indictment. Specifically, the government's instruction does not include "gave" a thing of value because Counts Two, Five, Six, and Eight do not allege that the defendants "gave" a thing of value; rather, these counts allege that defendants "offered and agreed to give a thing of value, and caused ComEd to offer or agree to give a thing of value." Thus, excluding "gave" and including "or caused ComEd to offer or agree to give" in the instruction is appropriate under the facts of the case and is supported by Seventh Circuit precedent. *United States v. Whiteagle*, 759 F.3d 734, 752-53 (7th Cir. 2014) (affirming conviction under §§ 666(a)(2) and 2, where defendant was charged with corruptly causing another individual to agree to give a bribe to a tribal official).

### ii. Element 2

Defendants' Proposed Element 2: The second element is that the defendant did so corruptly. Corruptly refers to the defendant's state of mind and indicates that he understands the thing of value to be a bribe. A person acts corruptly when he or she exchanges a thing of value for an official act. An "official act" is a decision or action on a specific matter or matters before a government official in his official capacity, involving a formal exercise of governmental power. It is not a crime to give something to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future.

Government's Proposed Element 2: That the defendant did so corruptly with the intent to influence or reward an agent of State government in connection with some business, transaction, or series of transactions of State government.

Government's Proposed Definition of Corruptly (located at the end of the elements instruction): For purposes of this offense, a person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of State government in connection with the agent's official duties.

> Pattern Instruction Element 2: That the defendant did so corruptly with the intent to influence or reward an agent of [an organization; a [state; local; Indian tribal] government, or any agency thereof] in connection with some business, transaction, or series of transactions of the [organization; government; government agency].

> Pattern Instruction Defining Corruptly (located at the end of the elements instruction): [A person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of an [organization; government; government agency] in connection with the agent's [organizational; official] duties.]

The government's proposed instruction for the second element of § 666(a)(2) mirrors the Pattern Instruction, whereas defendants' proposal bears no resemblance to it.

First, defendants' proposal imposes a *quid pro quo* requirement on § 666, which, as this Court found in denying defendant's motions to dismiss, misstates the law. R. 83 at 10-15.

Second, defendants' proposed instruction imposes the requirement that a thing of value be exchanged for an "official act." This Court already has ruled that an official act is not required to prove a violation of § 666; the proposed instruction misstates the law in this respect as well. *See* R. 83 at 8.

In contrast, the government's proposed instruction is consistent with the language of § 666, which uses the phrase "any business, transaction, or series of transaction of such organization, government, or agency." Defendants point to language in the Committee Comments to the § 666(a)(2) Pattern Instruction, stating that, while § 666 does not use the term official act, "lawyers and judges should consider the potential impact of *McDonnell* on § 666 cases." Pattern Instructions at

278. In this case, the Court has in fact considered the matter after full briefing by the parties and concluded that an official act is not required. *See* R. 83 at 8.

Third, defendants' proposal ignores the statutory definition of intent—namely, that the defendant must act with the "intent to influence or reward." Consistent with case law and statutory language, the Pattern Instruction provides that: "A person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of an [organization; government; government agency] in connection with the agent's [organizational; official] duties.]" Pattern Instructions at 279 (citing *United States v. Bonito*, 57 F.3d 167, 171 (2d Cir. 1995)). The government's proposal mirrors the pattern instruction.

Defendants argue that the pattern instruction's definition of "corruptly" fails to distinguish between criminal and innocent acts. This Court properly rejected this argument when it concluded "that the word 'corruptly' cabins the scope of the law to illegal conduct." R. 83 at 15. *See also id.* ("The Court finds that the insertion of "corruptly" limit[s] the type of transactions prohibited. . . ."); *id.* at 17 (denying vagueness challenge, because "the Court reads the "corruptly" as a limiting factor of the statute. . . ."). As discussed above, the Court's ruling was consistent with binding circuit precedent. *E.g., Agostino*, 132 F.3d at 1190-91 (§ 666(a)(2), "by its statutory language, requires that the defendant act '*corruptly . . . with intent to influence or reward*,'" and on that basis "declin[ing] to import an additional, specific *quid pro quo* requirement into the elements of § 666(a)(2)"). Indeed, in *United States v. Hawkins*, 777 F.3d 880 (7th Cir. 2015), the Seventh Circuit specifically upheld, in the context

8

of § 666(a)(1)(B), a jury instruction derived from the Pattern Instruction, which defined "corruptly" to require that the defendants took money "with the understanding" that the money was "offered or given to reward or influence [them] in connection with [their] official duties." *Id*. at 882. The court explained that this definition properly placed the focus of the corrupt-intent inquiry on the defendants, who act "corruptly" if they know that the payor is trying to get them to do the acts forbidden by the statute, and they take the money anyway." *Id*.

Fourth, defendants' proposal should be rejected because it attempts to exclude the reward or gratuity theory from the jury's consideration by limiting "corruptly" to mean that a defendant "understands the thing of value to be *a bribe*." This is improper because Counts Two, Five, Six, and Eight allege both bribery and gratuity theories as alternative means of committing the same crime. Thus, the defendants may be found guilty under either a bribe or gratuity theory, and the jury should be so instructed.

Fifth, defendants propose a "goodwill" instruction that has no basis in the Pattern Instructions or in case law regarding § 666, and is another effort by defendants to insert *quid pro quo* and official act requirements despite the Court's ruling and Seventh Circuit precedent. Specifically, defendants seek to instruct the jury that, "It is not a crime to give something to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future." Defendants cannot point to any case involving § 666 in which their proposed "goodwill" instruction was given. Instead, defendants cite to *Sun-*

9

*Diamond*, which, as already stated, related to § 201, not § 666, and was distinguished by this Court in its opinion on the Motion to Dismiss. R. 83 at 7.[4]  Defendants also cite to cases regarding campaign contributions, including *Citizens United v. Fed. Election Com'n*, 558 U.S. 310, 360 (2010), and *United States v. Allen*, 10 F.3d 405, 411 (7th Cir. 1993). This case is not about campaign contributions; rather, it is about defendants offering and agreeing to give contracts, jobs, and monetary payments with the corrupt intent to influence and reward Public Official A in connection with ComEd's legislative agenda.

Defendants argue that, without their proposed goodwill instruction, the jury may mistakenly believe legal lobbying to be illegal.  Defendants' concern is misplaced. The government's proposed instruction (consistent with the Pattern Instruction) requires the jury to find that a defendant acted "with the intent that something of value is given or offered to reward or influence an agent of State government in connection with the agent's official duties."  Thus, the jury must find that defendants' efforts were specifically intended to influence or to reward Public Official A *in connection with his official duties*.  Moreover, the pattern elements instructions

---

[4] As set forth in the government's response to defendants' motions to dismiss, in the years since *Sun-Diamond*, the Seventh Circuit repeatedly has reaffirmed its conclusion that a specific *quid pro quo* is not required to establish a violation of § 666. R. 54 at 22 (citing *United States v. Gee*, 432 F.3d 713, 714 (7th Cir. 2005); *Boender*, 649 F.3d at 654; *United States v. Mullins*, 800 F.3d 866, 871 (7th Cir. 2015).  Defendants also attempt to find support for their "goodwill" instruction in *United States v. Jennings*, 160 F.3d 1006 (4th Cir. 1998), a Fourth Circuit case holding that a *quid pro quo* is required under § 666, and relied upon by the First Circuit in *United States v. Fernandez*, 722 F.3d 1 (1st. Cir. 2013).  This Court, following Seventh Circuit precedent, has rejected the reasoning of these cases. R. 83 at 14-15 ("The Court respectfully disagrees with the First Circuit's conclusion.").

require that the jury find a connection to a business, transaction, or series of transactions of State government valued at $5,000 or more. These instructions sufficiently guard against a finding that token gifts were given simply to build generalized goodwill with Public Official A. Defendants' proposed goodwill instruction would therefore be redundant and would risk confusing the jury. *See, e.g., United States v. Lunn*, 860 F.3d 574, 580 (7th Cir. 2017) (affirming denial of theory-of-defense instruction that would have stated that defendant lacked the intent to defraud if he acted in good faith and honestly believed the accuracy of financial statements, because the instruction was "at best redundant" of the intent instruction given by the court); *United States v. James*, 464 F.3d 699, 707 (7th Cir. 2006) (affirming denial of theory-of-defense instruction, where "this theory of defense was intrinsically part of the charge and the failure to provide these instructions did not deny James a fair trial"). *See also United States v. Hill*, 252 F.3d 919, 923 (7th Cir.2001) ("Unless it is necessary to give an instruction, it is necessary not to give it, so that the important instructions stand out and are remembered."); *United States v. Allegretti*, 340 F.2d 254, 259 (7th Cir. 1965) (en banc) (district court need not give cumulative or repetitious instructions simply because the defendant prefers the language in one instruction over the language in another).

Finally, defendants' proposed element 2 is written in a manner to make it difficult for the jury to digest, and given the way it is written, it will confuse the jury and make their task more difficult. For example, unlike the pattern instruction, which separately explains what "corruptly" means, defendants' proposed instruction

seeks to cram every concept relating to the instructions in one place, making the instruction unnecessarily dense. It is notable that the pattern instructions for this Circuit do not adopt this approach.

### iii. Element 3

Defendants' Proposed Element 3: The third element is that the defendant did so with the intent to influence or reward an agent of the State of Illinois, namely Public Official A, in connection with some official business, transaction, or series of transactions of the State of Illinois.

Government's Proposed Element 3: That this business, transaction, or series of transactions involved a thing of value of $5,000 or more.

Pattern Instruction Element 3: That this business, transaction, or series of transactions involved a thing with a value of $5,000 or more.

The government has proposed the Pattern Instruction for the third element of § 666(a)(2). In contrast, defendants' proposed instruction is largely the Pattern Instruction for the *second* element of the offense, with the word "official" inserted before "business, transaction, or series of transactions of the State of Illinois." For the reasons discussed above, the word "official" should not be in the instruction. In addition, the Court should follow the Pattern Instructions and reject defendants' attempt to make "corruptly" and its definition a standalone element of the offense, thereby adding an element to the offense. Defendants have separated corruptly from the intent requirement (the intent to reward or influence) and placed it into this proposed third elements instruction, which is not only improper for the reasons set forth above, but also confusing.

### iv.   Element 4

Defendants' Proposed Element 4:  The fourth element is that this business, transaction, or series of transactions of the State of Illinois involved a thing of value of $5,000 or more.

Government's Proposed Element 4:  The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, or other assistance.

Pattern Instruction Element 4:  That the [organization; government; government or agency], in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance. [The one-year period must begin no more than 12 months before the defendant committed these acts and must end no more than 12 months afterward.]

The government has no objection to the substance of defendants' proposed fourth element—it mirrors the Pattern Instruction for the third element of the offense and the government's proposed instruction for the third element of the offense.  The government's position is that it should be the third element of the offense.  For the reasons set forth above, the government objects to both the substance of defendants' proposed second and third elements of the offense and to having the definition of "corruptly" as a standalone element.

### v.   Element 5

Defendants' Proposed Element 5:  The fifth and final element is that the State of Illinois, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance, or other assistance.  The one-year period must begin no more than 12 months before the defendant gave, offered, or agreed to give a thing of value to another person, and must end no more than 12 months afterward.

Government's Proposed Element 5:  None.

Pattern Instruction Element 5:  None.

13

Although the government has no objection to the substance of defendants' proposed instruction, it should be the instruction for the fourth element of the offense, as set forth in the Pattern Instructions and the government's proposal. Furthermore, the government proposes that, as in the Pattern Instruction, the last sentence be bracketed to signal that the Court and parties should discuss at the jury instruction conference whether it is necessary based on the evidence presented at trial. The government anticipates that the evidence in this case will establish that the State of Illinois received well over $10,000 in federal funds each and every year at issue in the indictment, in which case the last sentence would be unnecessary and therefore potentially confusing to the jury.

## II. Defendants' Proposed Conspiracy Instructions Related to § 666(a)(1)(B)

As discussed below, defendants' proposed conspiracy instruction is also defective. Count One of the indictment charges defendants with conspiracy to commit several offenses, including corruptly soliciting things of value (18 U.S.C. § 666(a)(1)(B)), giving and offering to give things of value (18 U.S.C. § 666(a)(2)), and violating the FCPA. In contrast to the government's proposed instruction (R. 92), defendants propose an instruction for Count One that includes only one object of the conspiracy—corruptly soliciting things of value.[5] Moreover, defendants' proposed

---

[5] Defendants have not yet proposed a jury instruction on conspiracy. *See* R. 94 at 1 n.1. Defendants also did not propose a jury instruction regarding the second alleged object of the conspiracy—a conspiracy to corruptly give, offer, and agree to give things of value.

instruction incorrectly treats that object of the conspiracy as if it were a substantive offense and improperly includes a *quid pro quo* requirement.

Specifically, defendants propose the following instruction for Count One:

With respect to soliciting a bribe the government must prove beyond a reasonable doubt the defendant you are considering knowingly agreed to violate 18 U.S.C. § 666(a)(1)(B), which includes the following five elements:

1. That Public Official A was an agent of the Illinois state legislature.

2. Public Official A solicited, demanded, accepted or agreed to accept something of value from another person in connection with some official business, transaction, or series of transactions of the State of Illinois.

3. Public Official A did so corruptly. [Definition of corruptly – see below].

4. This business, transaction, or series of transactions of the State of Illinois must involve something of value of $5,000 or more.

5. The State of Illinois, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance. The one-year period must being no more than 12 months before the defendant solicited, demanded, accepted, or agreed to accept the thing(s) of value from another person and must end no more than 12 months afterward.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

## A. Defendants' Proposed Instruction for Count One Incorrectly Treats the Object of the Conspiracy as the Offense Itself.

The elements of conspiracy are well settled: the government must prove that the charged conspiracy existed; that each defendant knowingly became a member of

the conspiracy with the intent to advance the conspiracy; and that one of the conspirators committed an overt act. R. 92 at 2. Consistent with well settled case law and the Pattern Instructions, the government also proposed that "conspiracy" be defined as an express or implied agreement among two or more people to commit a crime. *Id.* at 3. Defendants' proposed instruction is misleading in that it suggests that the government must prove that the object of the conspiracy actually occurred in order to find a defendant guilty of Count One.

For Count One, the government must prove *an agreement* to commit the objects of the conspiracy; the government is not required to prove that any of those objects actually occurred. *See Ocasio v. United States*, -- U.S. --, 136 S. Ct. 1423, 1430 (2016) ("Not only is it unnecessary for each member of a conspiracy to agree to commit each element of the substantive offense, but also a conspirator may be convicted 'even though he was incapable of committing the substantive offense' himself." (citation omitted)); *United States v. Rose*, 590 F.2d 232, 235 (7th Cir. 1978) ("Whether the substantive crime itself is, or is likely to be, committed is irrelevant [for a § 371 conspiracy]."); *see also United States v. Maloney, et al.*, No. 91 CR 477 (N.D. Ill. 1993) (jury instructed that, "You may find a defendant guilty of the crime of conspiracy even though the substantive crime which was the object of the conspiracy was not actually committed."). Thus, the jury should be instructed about the meaning of each object of the conspiracy, without use of the phrase "elements," which incorrectly suggests that each object offense must be completed. For the same reason, the defendants' proposed instruction that the jury must find defendant either guilty or not guilty based upon

16

whether the government "has proved each of these elements beyond a reasonable doubt," immediately following the elements of a substantive § 666(a)(1)(B) offense is also incorrect and misleading.

In addition, the introduction to defendants' proposed Count One instruction incorrectly states that the government must prove that the defendant "knowingly agreed to violate 18 U.S.C. § 666(a)(1)(B)." This language erroneously suggests that the government must prove that each defendant knowingly agreed to personally commit a violation of a specific statute. As discussed above, no such proof is required; instead, the government must prove that the defendant knowingly became a member of the conspiracy with the intent that the substantive offense would be committed by one or more of the conspiracy's members. Moreover, the proposed instruction's reference to the statute's number, rather than its substance, erroneously suggests that the government must prove that the defendant agreed to commit a violation of a specific statute. No such proof is required.

Another problem with defendants' proposed instruction is that it is written in past tense (*e.g.*, "Public Official A solicited, demanded, accepted or agreed to accept . . . ."). As stated in the government's proposed instruction, the description of the objects of the conspiracy should be in the present tense so that it is clear to the jury that the question is whether the defendants *agreed* to commit the object of the conspiracy, not whether the object of the conspiracy actually occurred.

Finally, defendants' proposed instruction on Count One is incomplete in that it includes only one object of the conspiracy relating to § 666[6]—soliciting something of value—and does not address the offering to giving or giving something of value, which is also charged as part of Count One. It is no answer to say that the substantive instruction offered by defendants as to § 666(a)(2) can be given with respect to Count One, because the substantive instruction is written in a manner that requires the government to prove the elements of the substantive offense, which is not an accurate statement of the law for purposes of the conspiracy charged in Count One. *Ocasio,* 136 S. Ct. at 1430.

For the reasons stated above, the Court should adopt the government's proposed instruction on the second object of the conspiracy—which is consistent with the Pattern Instruction, statutory language, and allegations in Count One.

### B. Defendants' Proposed § 666(a)(1)(B) Instruction Misstates the Law and Ignores this Court's Ruling on the Motion to Dismiss.

In addition to the problems detailed above, defendants' proposed instruction describing § 666(a)(1)(B) offenses improperly imposes official act and *quid pro quo* requirements. As discussed above, inclusion of these elements is inconsistent with settled precedent and this Court's express rulings on defendants' motions to dismiss. R. 83. A point-by-point discussion of defendant's proposed § 666(a)(1)(B) follows.

---

[6] At the defendants' request, the Court ordered the parties to submit instructions relating to the charges that concern § 666. As noted in the government's proposed instructions, additional instructions concerning the FCPA will be submitted later.

18

### i. Subparagraph 1

<u>Defense Proposed Subparagraph 1</u>: That Public Official A was an agent of the Illinois state legislature.

<u>Government's Proposed Subparagraph 1</u>: A person is an agent of a State government.

<u>Pattern Instruction</u>: That the defendant was an agent of [an organization; a [state; local; Indian tribal] government, or any agency of that government] [, such as [name charged entity here if status is not in dispute]].[7]

As stated above, the government objects to the use of the past tense in defendants' proposed subparagraph 1. Further, the government objects to the use of "Public Official A" and the description of "Public Official A" as an agent of the Illinois legislature. As stated above, the purpose of this instruction is to describe the object of the offense, and the instruction must not be written in a manner that requires the government to prove the commission of the offense. Therefore, identifying a specific agent in the instruction is improper and could cause juror confusion about what they are required to find in order to convict.

### ii. Subparagraph 2

<u>Defense Proposed Subparagraph 2</u>: Public Official A solicited, demanded, accepted, or agreed to accept something of value from another person in connection with some official business, transaction, or series of transactions of the State of Illinois.

<u>Government's Proposed Subparagraph 2</u>: That person solicits, demands, accepts or agrees to accept something of value from another person.

---

[7] To be clear, while the government is citing to the Pattern Instruction for the elements of § 666(a)(1)(B) as a reference point, the Pattern Instruction was not written for the purpose of instructing the jury on a *conspiracy* charge. The government's proposed instruction was modified accordingly and reflects that the jury need not find the commission of an offense under § 666(a)(1)(B).

<u>Pattern Instruction</u>: That the defendant solicited, demanded, accepted or agreed to accept a thing of value from another person.

First, the government objects to this proposed subparagraph because the instruction given to the jury should be in the present tense (because the use of past tense misleadingly implies the government must prove the completion of the underlying offense) and should not require any defendant to complete some specified action that makes up the substantive offense (because conspiracy punishes the conspiratorial agreement, not the completion of the underlying offense).

Second, defendants have improperly added the word "official" before "business, transaction, or series of transactions," which is not part of the statutory language. As discussed above, this Court has held there is no official act or *quid pro quo* requirement as to the underlying offense. R. 83 at 8.

### iii. Subparagraph 3

<u>Defendants' Proposed Subparagraph 3</u>: Public Official A did so corruptly. Corruptly refers to Public Official A's state of mind and indicates that he understands the thing of value to be a bribe. A person acts corruptly when he or she exchanges an official act for a thing of value. An "official act" is a decision or action on a specific matter or matters before a government official in his official capacity, involving a formal exercise of governmental power. It is not a crime to give something to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future.

<u>Government's Proposed Subparagraph 3</u>: That person does so corruptly with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government.

<u>Government's Proposed Definition of Corruptly</u>: For purposes of this offense, a person acts corruptly when that person acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties.

> <u>Pattern Instruction</u>: That the defendant acted corruptly with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the [organization; government; government agency].

> <u>Pattern Instruction Definition of Corruptly</u>: A person acts corruptly when that person acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his [organizational; official] duties.]

Defendants' proposed subparagraph 3 bears no resemblance to the Pattern Instruction or the text of § 666. As addressed above, defendants' proposal imposes a *quid pro quo* requirement and an official act requirement, which was explicitly rejected by this Court. R. 83 at 10-15. Although the motions to dismiss were focused on § 666(a)(2), the Court's reasoning applies in equal force to § 666(a)(1)(B). Moreover, the instruction also contains unnecessary commentary concerning the concept of goodwill which is improper for the reasons explained earlier.

Subparagraph 3 also incorrectly suggests that the government will be required to prove Public Official A's intent, even though (a) Public Official A is not a defendant; (b) the government need not prove that any § 666(a)(1)(B) overt act occurred; and (c) even for a substantive § 666 violation corrupt intention by one party would suffice for criminal liability. *See, e.g., United States v. Ring*, 706 F.3d 460, 467-68 (D.C. Cir. 2013) (no completed corrupt exchange or agreement needed for honest services fraud; the statute punishes the scheme, not its success); *United States v. Avenatti*, 432 F. Supp. 3d 354, 365 (S.D.N.Y. 2020).

As stated above in connection with element 2 of the § 666(a)(2) instruction, defendants' proposed subparagraph 3 also is written in a manner to make it difficult for the jury to digest, and given the way it is written, it will confuse the jury.

21

defendants' proposed instruction seeks to cram every concept relating to the instructions in one place, including the definition of corruptly, making the instruction unnecessarily dense and difficult to comprehend.[8]

### iv. Subparagraph 4

Defendants' Proposed Subparagraph 4:  This business, transaction, or series of transactions of the State of Illinois must involve something of value of $5,000 or more.

Government's Proposed Subparagraph 4:  This business, transaction, or series of transactions involves a thing of value of $5,000 or more.

Pattern Instruction:  That this business, transaction or series of transactions involved a thing of a value of $5,000 or more;

The government's proposed instruction for subparagraph 4 mirrors the Pattern Instruction, but is written in the present tense to reflect that this instruction is for the object of a conspiracy, not a substantive offense.  Defendants' proposed instruction should be rejected because it is written in the past tense and it identifies a specific state government, which as stated above in connection with subparagraph 1, is misleading in that it could cause the jury to wrongly believe that it must find that a defendant actually committed the underlying offense to be guilty of conspiracy. Furthermore, defendants' proposed instruction unnecessarily injects the word "must" into the instruction.

### v. Subparagraph 5

Defendants' Proposed Subparagraph 5:  The State of Illinois, in a one-year period, received benefits of more than $10,000 under any Federal program

---

[8] The same is true of the exposition of the concept of goodwill, which is also crammed into this instruction. As noted earlier, discussion of this concept is unnecessary, and particularly unnecessary in connection with a conspiracy charge.

22

involving a grant, contract subsidy, loan, guarantee, insurance, or other assistance. The one-year period must begin no more than 12 months before the defendant gave, offered, or agreed to give a thing of value to another person, and must end no more than 12 months afterward.

Government's Proposed Subparagraph 5: The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.

Pattern Instruction: That the [organization; government; government or agency], in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance. [The one-year period must begin no more than 12 months before the defendant committed these acts and must end no more than 12 months afterward.].

For the reasons set forth above, the government objects to defendants' proposal in that it identifies a specific government (the "State of Illinois"). Furthermore, the government objects to the second sentence of defendants' proposal because it suggests that the government must prove that a defendant gave, offered, or agreed to give a thing of value. As stated, the conspiracy instructions should not require or suggest that any defendant must have completed an action that makes up the substantive offense because conspiracy punishes the conspiratorial *agreement*.

In sum, the Court should reject defendant's proposed instruction, and use the instruction proposed by the government.

## III.   Defendants' Proposed Instruction as to § 666(c)

Section 666(c) provides that: "This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business." The government's proposed instruction on § 666(c) is consistent with the Pattern Instructions and with this Court's ruling, whereas defendants'

23

proposed instruction fails to recognize that § 666(c) is an affirmative defense and incorrectly defines "bona fide."

The proposed and Pattern Instructions are as follows:

> Defendants' Proposed Instruction: Bona fide salary, wages, fees, or other compensation paid, in the usual course of business, do not qualify as a thing of value given, offered, or agreed to be given by the defendant or solicited by Public Official A. "Bona fide" means real or actual.

> Government's Proposed Instruction: [Bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value given, offered or agreed to be given by a defendant. Salary, wages, fees, or other compensation given, offered or agreed to be given for the purpose of corruptly influencing or rewarding a public official are not bona fide and are not given, offered or agreed to be given in the usual course of business.]

> Pattern Instruction: Bona fide [salary, wages, fees, or other compensation paid; expenses paid or reimbursed], in the usual course of business, [does; do] not qualify as a thing of value [solicited or demanded; given, offered, or agreed to be given] by the defendant.

The government's proposed instruction is bracketed to signal that, as an affirmative defense, defendants must establish an evidentiary basis for the instruction before it is given to the jury. This Court has already ruled that § 666(c), as a statutory exception, is an affirmative defense and not an element of the offense that must be charged in the indictment. R. 83 at 4, 5 (citing *McKelvey v. United States*, 260 U.S. 353, 357 (1922)). *See also id.* at 6 ("While Defendants are entitled to use § 666(c) as an affirmative defense at trial, they are not entitled to dismissal at this stage based solely on their version of the fact."); *see* R. 54 at 50-58.

Thus, in order to be entitled to a § 666(c) instruction, defendants must establish a basis for it at trial, which consists of "evidence sufficient for a reasonable jury to find in [the defendants'] favor." *United States v. Job*, 387 Fed.Appx. 445, 455 (5th

Cir. 2010) (addressing the safe harbor provision in 42 U.S.C. § 1320a–7b(b)(2)(A)[9]) (quotation marks and citations omitted); *see also Matthews v. United States*, 485 U.S. 58, 63 (1988) ("As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor."); *Lunn*, 860 F.3d at 579 ("Defendants are not automatically entitled to any particular theory-of-defense instruction.") (quotation omitted). In fact, it is well settled in the Seventh Circuit that a defendant is only entitled to a jury instruction that encompasses a theory of the defense if "(1) the instruction represents an accurate statement of the law; (2) the instruction reflects a theory that is supported by the evidence; (3) the instruction reflects a theory which is not already part of the charge; and (4) the failure to include the instruction would deny the defendant a fair trial." *Id.* (quotation omitted). Thus, in order for an instruction related to § 666(c) to be warranted, defendants will have to satisfy each of these requirements, including that a sufficient basis for the instruction has been established in the trial evidence. The Court should decide whether an instruction on § 666(c) should be given at the conclusion of the evidence.

In addition, defendants' proposed definition of "bona fide" as "real or actual" should be rejected because it is not a correct statement of the law. Defendants' proposed definition of   would incorrectly lead a jury to believe that any "actual"

---

[9] As set forth in the government's response to defendants' motion to dismiss, like § 666, § 1320a-7b contains an exception—namely, the statute includes a "safe harbor" that exempts from criminal liability "any amount paid by an employer to an employee (who has a bona fide employment relationship with such employer) for employment in the provision of covered items or services . . . ." 18 U.S.C. § 1320a-7b(b)(3)(B); *see also United States v. Novak*, 13 CR 312, 2014 WL 2937062 (N.D. Ill. June 30, 2014).

payments are bona fide. But as the Court recognized, "[a] company cannot use its payroll line on its accounting ledger to circumvent all Government oversight of public corruption." R. 83 at 6. Even if *actual* payments were made, and some work may have been performed, payments are not bona fide or made in the usual course of business if they were intended to be illegal bribes or gratuities. The government's proposed explanation of the terms "bona fide" and "in the usual course of business" is consistent with the law and this Court's ruling: salary, wages, fees, or other compensation given, offered or agreed to be given for the purpose of corruptly influencing or rewarding a public official are not bona fide and are not given, offered or agreed to be given in the usual course of business.

The Eastern District of New York analyzed dictionary definitions of "bona fide" to interpret § 666(c), and concluded that a "bona fide" salary is defined as "fixed compensation for services obtained without fraud or deceit and in the normal routine of a business." *United States v. Walsh*, 156 F. Supp. 3d 374, 385 (E.D.N.Y. 2016).[10]

---

[10] Specifically, the court in *Walsh* canvased dictionary definitions of "bona fide," none of which support defendants' proposed definition of "real or actual":

> The dictionaries in use in 1986, when Congress amended Section 666 to add the safe-harbor provision, as well those in use after 1986, uniformly define "bona fide" with some variation of "made in good faith without fraud or deceit." *Webster's The Ninth New Collegiate* Dictionary 166 (1985); *see also Black's Law Dictionary* (10th ed.2014) ("1. Made in good faith; without fraud or deceit. 2. Sincere; genuine."); *Law Dictionary* (2002) ("[I]n good faith (q.v.); honestly; without fraud or unfair dealing"); *Webster's College Dictionary* (1991) ("[M]ade done, etc. in good faith; without deception or fraud"); William Statsky, the *Legal Thesaurus Dictionary* 98 (1985) ("In good faith (bona fide effort). Sincere, true, genuine, without fraud, without deceit, honest, aboveboard, open, actual, innocent, real, not feigned, candid, trustworthy, ingenuous, legitimate"); *The American*

Fees paid to bribe a public official are not "honest," "in good faith," or "aboveboard" –
all synonyms of "bona fide." *Id.* at 384 (citations omitted)); *see also United States v.
George*, 841 F.3d 55, 62 (1st Cir. 2016) ("Bona fide salary" means a "salary actually
earned in good faith for work done for the employer."); *United States v. Bryant*, 556
F. Supp. 2d 378, 429 (D.N.J. 2008) ("If a public official sells his office for wages, even
if some legitimate work is performed in exchange for those wages, it is sufficiently
clear that such wages are not 'bona fide.'"). Were this Court to conclude that a § 666(c)
instruction should contain a dictionary definition of "bona fide," that definition would
need to include the concept of being honest, in good faith, and without deceit, *e.g.*, "in
good faith, without deception or fraud"—not "real or actual." The government's
proposed instruction is preferable, however, because it defines "bona fide" in terms
of the facts and law applicable to this particular case.

---

> *Heritage Dictionary* 195 (1982) ( "1. Done or made in good faith;
> sincere ... 2. Authentic; genuine"); *accord P. Stolz Family P'ship
> L.P. v. Daum,* 355 F.3d 92, 100 (2d Cir. 2004) ("Bona Fide: 1.
> Made in good faith; without fraud or deceit. 2. Sincere;
> genuine.") (quoting parenthetically *Blacks Law Dictionary* (7th
> ed.1999)); *Bradford v. Moench*, 809 F. Supp. 1473, 1487 (D. Utah
> 1992) ("[T]his court should give the term 'bona fide' its common,
> ordinary meaning of 'in good faith,' without fraud or deception.").

*Id.* at 384.

## IV.    Conclusion

For the reasons set forth above, the government respectfully requests that the Court issue the government's proposed jury instructions regarding 18 U.S.C. § 666 and reject defendants' proposals.

Respectfully submitted.

JOHN R. LAUSCH, JR.
United States Attorney

By:    */s/ Sarah Streicker*
AMARJEET S. BHACHU
DIANE MacARTHUR
SARAH STREICKER
TIMOTHY J. CHAPMAN
MICHELLE KRAMER
JULIA SCHWARTZ
Assistant United States Attorneys
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 469-6212