UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL McCLAIN,<br>ANNE PRAMAGGIORE,<br>JOHN HOOKER, and<br>JAY DOHERTY | No. 20 CR 812<br><br>Hon. Harry D. Leinenweber |

**GOVERNMENT'S RESPONSE TO DEFENDANT PRAMAGGIORE'S
MOTION FOR LIMITING INSTRUCTIONS**

This Court has already rejected the exact argument presented in defendant Anne Pramaggiore's motion seeking a limiting instruction. Dkt. 185; 161. The Court need not revisit that argument. Defendant Pramaggiore previously moved *in limine* to exclude evidence or argument concerning the exact same recorded statements made by Fidel Marquez when he was acting as a government informant. Dkt. 131 at 17-20. She argued that Marquez's statements were hearsay because (1) Marquez was not a coconspirator at the time of the recordings and (2) his statements were not adopted by a conspirator. *Id.* at 18. This Court properly denied defendant Pramaggiore's motion (Dkt. 161 at 4), ruling that defendant Hooker adopted Marquez's statements in the January 29, 2019 recording (Gov. Ex. 118 and 118-T) and defendant Doherty adopted Marquez's statements in the February 13, 2019 recording (Gov. Ex. 129 and 129-T). *Id.* (These transcripts were also attached to the governments filing at Dkt. 148.) The Court thus concluded that the statements may

be offered for their truth as to defendants Hooker and Doherty, respectively, and as to the rest of the defendants as coconspirators:

> The first and second part of [Pramaggiore's] Motion 6, referencing the January 29, 2019 and the February 13, 2019 recordings, respectively, is DENIED. The Court finds that because Hooker in part 1 and Doherty in part 2 adopt the statements, Pramaggiore's name is admissible for truth as to each defendant respectively, and then to the rest as coconspirators.

Dkt. 161 at 4.[1]

Defendant Pramaggiore completely ignores the Court's ruling and instead attempts to relitigate this issue in a motion for a limiting instruction. *See* Dkt. 185. Indeed, Pramaggiore fails to even acknowledge the Court's prior ruling. *Id.* This Court should deny Pramaggiore's motion, as it is nothing more than an attempt to take a second bite at the apple.

As this Court correctly ruled, Fidel Marquez's challenged statements to defendants Hooker and Doherty are not hearsay, because those defendants clearly adopted Marquez's statements. Dkt. 161 at 4. Indeed, Pramaggiore selectively excerpted the recordings in her current filing, instead of including the entire calls. The Court previously considered the complete calls, in which Hooker confirmed that he knew Pramaggiore had approved the contract and further elaborated that "me and McClain was, I was the one that created" the arrangement with Jay Doherty to pay subcontractors and that Hooker had even explained the arrangement to the CEO who

---

[1] As a separate part of this ruling, the Court granted defendants' motion as to a different recording – the March 5, 2019 recording – and the government has redacted that recording in accordance with the Court's ruling. Dkt. 161 at 4.

preceded defendant Pramaggiore. Doherty similarly agreed with Marquez's characterizations. Thus, Hooker and Doherty adopted Marquez's statements. They are not hearsay, as this Court already ruled.

Moreover, as the government argued in its response to defendant Pramaggiore's motion *in limine*, in addition to being admissible for their truth, Marquez's statements are admissible for the non-hearsay purpose of providing context. Dkt. 147 at 12, 15. Accordingly, if the Court were to provide a limiting instruction, the government proposes the following:

> The recordings you are about to hear contain statements by a cooperating witness, Fidel Marquez. You are not to consider the statements made by Fidel Marquez after he began cooperating on January 16, 2019 for the truth of the matter asserted. However, you may consider Fidel Marquez's statements on these recordings in order to place in context and help you understand the statements made by the defendants participating in these recordings.

Consistent with Seventh Circuit precedent, such an instruction will provide a sufficient safeguard to ensure the jury is aware of the proper weight to give contextual nonhearsay statements. *See United States v. Van Sach*, 458 F.3d 694, 701-02 (7th Cir. 2006) (approving the use of a limiting instruction that explained "that the CI's statements were only to provide context for the defendant's admissions on the recordings, and could not be used for the truth of the matter asserted therein"); *United States v. Davis*, 890 F.2d 1373, 1380 (7th Cir. 1989) (approving admission of tape-recorded statements "for the limited purpose of placing [defendant's] statements in context," where trial court issued "limiting instructions to that effect" and where courts "assume[]" that such instructions "were followed by the jury"). This limiting instruction will apply to all recordings in which Mr. Marquez participated as a cooperator, and thus is more

appropriate than an instruction tailored to one defendant alone. Defendant Pramaggiore has provided no justification—beyond repeating issues already determined by this Court—for an instruction specific to her. Such an instruction goes beyond what the Seventh Circuit requires and is unwarranted in these circumstances.

## CONCLUSION

For the reasons stated above, the government respectfully requests defendant Pramaggiore's motion for a limiting instruction be denied.

                                        Respectfully submitted.

                                        MORRIS PASQUAL
                                        Acting United States Attorney

By:   /s/ *Julia K. Schwartz*
       AMARJEET S. BHACHU
       DIANE MacARTHUR
       SARAH STREICKER
       JULIA K. SCHWARTZ
       Assistant U.S. Attorneys
       219 South Dearborn Street, Fifth Floor
       Chicago, Illinois 60604
       (312) 353-5300