**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 20 CR 812 |
| | ) | |
| MICHAEL McCLAIN, et al. | ) | Honorable Harry D. Leinenweber |
| | ) | |

**DEFENDANT PRAMAGGIORE'S AND DEFENDANT HOOKER'S**
**MOTION FOR PERMISSION OF THE COURT TO CONTACT JURORS**

Pursuant to Local Criminal Rule 31.1, Defendants Anne Pramaggiore and John Hooker, by and through their attorneys, hereby move for an order granting permission for their attorneys to communicate with jurors.

**I.  Legal Standard**

It is "within the discretion of the trial judge" to allow a party to contact jurors following trial, and the Seventh Circuit has expressly declined to adopt a standard for when such contact is permitted. *Delvaux v. Ford Motor Co.*, 764 F.2d 469, 471 (7th Cir. 1985); *Cuevas v. United States*, 317 F.3d 751, 753 (7th Cir. 2003). Instead, Local Criminal Rule 31.1 merely requires that a party obtain the court's permission before communicating with jurors; it does not require any particular showing of need. *See* Local R. Crim. P. 31.1.[1]

**II.  Argument**

Ms. Pramaggiore and Mr. Hooker seek to conduct jury research to inquire about the basis for the jury's decision. Courts in this Circuit have authorized inquiries of exactly this nature.

---

[1] Rule 31.1's standard therefore should not be confused with, and is less demanding than, the heightened standard required under Federal Rule of Evidence 606(b) for *admission* of juror testimony. The Seventh Circuit has recognized that "unlike Federal Rule of Evidence 606(b), the local rule here is a rule of procedure – not prohibition." *Cuevas*, 317 F.3d at 753.

*See Brailsford v. Roach*, 2019 WL 12496344, at *1 (C.D. Ill. Oct. 2, 2019) (granting Motion for Leave of Court to Communicate with Jurors where party sought to "inquire about the basis for the jury's decision"); *see also Coffie v. Korhonen*, 2008 WL 161673, at *15 (N.D. Ill. Jan. 16, 2008) (permitting "counsel to talk to the jurors" because counsel was "interested in hearing how [the jury's] thought process was"); *see also Westchester Fire Ins. Co. v. Am. Wood Fibers, Inc.*, 2006 WL 3147710, at *3 (N.D. Ind. Oct. 31, 2006) (allowing jurors to stay and comment on the trial "for the purpose of helping the lawyers to evaluate their performance in this case and better represent their clients in future cases"). Three jurors have already spoken to the media which indicates that they may be willing to speak to counsel as well. Ms. Pramaggiore and Mr. Hooker agree to any limitation on communications with jurors that the Court believes is necessary.

Any communications with jurors would pose minimal risk of intrusion into the lives of the jurors. Again, at least three of the jurors have already voluntarily given interviews to the press. *See, e.g.*, David Struett, Tina Sfondeles, Matthew Hendrickson, *ComEd jurors say they didn't believe the jobs and money that went to Madigan allies were just legal lobbying*, Chicago Sun-Times (May 2, 2023) (quoting statements from jurors Schnitker Sayers, Goldenberg, and Garnes). Ms. Pramaggiore's and Mr. Hooker's counsel will clearly identify themselves as working for the defense and will make it clear that a juror is free to decline being interviewed and has no obligation to speak to them. *See Coffie*, 2008 WL 161673, at *15 (allowing counsel to speak to the jurors who were "willing to talk with them"); *see also Westchester Fire Ins. Co.*, 2006 WL 3147710, at *3 (same). Only jurors who voluntarily accept an invitation to speak with counsel will be interviewed. Any juror who does not wish to speak with Ms. Pramaggiore's or Mr. Hooker's counsel may simply decline to do so.

## CONCLUSION

For the above stated reasons, the Court should issue an order permitting Ms. Pramaggiore's and Mr. Hooker's attorneys to communicate with jurors and for such other and further relief as the Court may deem just and proper.

DATED: May 10, 2023

Respectfully submitted,

/s/ *Scott R. Lassar*
Scott R. Lassar
Daniel C. Craig
Jennifer M. Wheeler
Emily R. Woodring
Joan E. Jacobson
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dcraig@sidley.com
jwheeler@sidley.com
ewoodring@sidley.com
joan.jacobson@sidley.com

*Attorneys for Defendant Anne Pramaggiore*

/s/ *Jacqueline S. Jacobson*
Michael D. Monico
Barry A. Spevack
Jacqueline S. Jacobson
Ryan W. Mitsos
MONICO & SPEVACK
53 West Jackson Blvd., Suite 1315
Chicago, IL 60604
Telephone: (312) 782-8500
mm@monicolaw.com
bspevack@monicolaw.com
jjacobson@monicolaw.com
rmitsos@monicolaw.com

Susan M. Pavlow

53 West Jackson Blvd., Suite 1215
Chicago, IL 60604
Telephone: (312) 322-0094
smpavlow@mac.com

*Attorneys for Defendant John Hooker*